

FILED IN CHAMBERS
U.S.D.C. Atlanta

JAN 2 1 2014


JAMES N. HATTEN, Clerk
By:
Deputy Clerk

# IN THE UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF GEORGIA
### ATLANTA DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA | |
| *v.* | Criminal Indictment |
| ISAIAH JERNIGAN, | No. 1:14CR0024 |
| DARREN WILLIAMSON, JR., | |
| AKA CHEF BOY RD, | UNDER SEAL |
| MARIE ST. VIL, AKA JASMINE, | |
| AND | |
| BRIANNE MARCELIN, AKA BRI | |

THE GRAND JURY CHARGES THAT:

### Count One – Conspiracy to Engage in Sex Trafficking of Juveniles

1. By at least on or about March 19, 2013, and continuing through on or about April 20, 2013, in the Northern District of Georgia, the defendants, ISAIAH JERNIGAN, DARREN WILLIAMSON, JR., aka Chef Boy RD, MARIE ST. VIL, aka Jasmine, and BRIANNE MARCELIN, aka Bri, did knowingly and willfully combine, confederate, conspire and agree with one another and others known and unknown to the grand jury to knowingly recruit, entice, harbor, transport, provide and obtain, by any means, juvenile girls and to benefit financially, and by receiving a thing of value from participation in a venture engaged in said acts, in and affecting interstate and foreign commerce, knowing that those juvenile girls had not attained the age of 18 years and will be caused to engage in a

commercial sex act, as prohibited by Title 18, United States Code, Sections 1591(a) and (b).

## Manner and Means of the Conspiracy

2.   It was part of the conspiracy that the defendants recruited and enticed ~~juvenile girls to engage in prostitution.~~

3.   It was part of the conspiracy that the defendants posted advertisements on the internet, soliciting customers to have sex with the juvenile girls.

4.   It was part of the conspiracy that the defendants harbored the juvenile girls by providing them housing in an apartment in Sandy Springs, Georgia which was used for "incall dates," and from which they transported the juvenile girls to "outcall dates," during which they had sex for money.

5.   It was part of the conspiracy that the defendants would benefit financially by taking the money the juvenile girls earned from the commercial sex acts.

## Overt Acts

6.   In furtherance of the conspiracy, and to accomplish the objects thereof, at least one of the conspirators committed or caused to be committed at least one of the following overt acts, among others, in the Northern District of Georgia and elsewhere:

   a.   On or about March 19, 2013, defendants ISAIAH JERNIGAN and
        DARREN WILLIAMSON, Jr,. aka Chef Boy RD, asked JV#2, then a 17-
        year old girl, if she wanted to make money.  Defendant WILLIAMSON

then had JV#2 "audition" by having sex with him before she was sent out to have sex with other men.

b. On or about March 19, 2013, defendant DARREN WILLIAMSON, Jr,. aka Chef Boy RD, assaulted JV#2 when he hit her after she asked to get her nails done.

c. On or about March 19, 2013, defendants ISAIAH JERNIGAN and MARIE ST. VIL took sexually explicit pictures of JV#2 for use in internet advertisements for commercial sex acts.

d. From on or about March 20, 2013 to on or about April 20, 2013, defendants ISAIAH JERNIGAN, DARREN WILLIAMSON, JR., aka Chef Boy RD, MARIE ST. VIL, aka Jasmine, and BRIANNE MARCELIN, aka Bri, caused JV#2 to engage in commercial sex acts and took the money she earned.

e. From on or about late March 2013 to on or about April 20, 2013, defendants ISAIAH JERNIGAN and DARREN WILLIAMSON, JR. gave the juvenile girls and young adult women who worked for them as prostitutes a quota of earning $500 per night from commercial sex acts.

f. From on or about late March 2013 to on or about April 20, 2013, defendants ISAIAH JERNIGAN and DARREN WILLIAMSON, JR. set the rates for the juvenile girls and young women to charge for

commercial sex acts: approximately $80 for thirty minutes and $100-$150 for one hour.

g. In or about late March 2013, defendant ISAIAH JERNIGAN knocked an adult, SH, to the ground when she tried to leave the group, and dragged SH to a bedroom where he shaved patterns into her hair. This assault took place in front of JV#3.

h. From in or about late March 2013 to in or about April 20, 2013, defendants ISAIAH JERNIGAN and MARIE ST. VIL took sexually explicit photos of JV#3 with their cellular telephones and then defendants MARIE ST. VIL and BRIANNE MARCELIN posted the photographs in prostitution advertisements on the internet on Backpage.com.

i. From in or about late March 2013 to in or about April 2013, defendant MARIE ST. VIL answered telephone calls on the cellular phones from prospective customers and booked commercial sex acts with juvenile girls.

j. From in or about late March 2013 to in or about April 20, 2013, defendants ISAIAH JERNIGAN and MAIRE ST. VIL provided condoms to the juvenile girls and young adult women to use when engaging in commercial sex acts. MARIE ST. VIL also purchased alcohol and marijuana for the group.

k. From in or about late March 2013 to in or about April 2013, defendant BRIANNE MARCELIN drove the juvenile girls and young adult women to hotels and apartments in the Atlanta metropolitan area to have sex with men for money.

l. In or about late March 2013, JV#3 told defendant MARIE ST. VIL she was 16, when in fact she was 15. MARIE ST. VIL responded that if anyone asked, JV#3 was to tell them she was 18 years old.

m. From in or about late March 2013 to on or about April 20, 2013, defendants ISAIAH JERNIGAN, DARREN WILLIAMSON, JR., MAIRE ST. VIL, and BRIANNE MARCELIN caused JV#3 to engage in commercial sex acts and took the money she earned.

n. In or about late March 2013, defendant MARIE ST. VIL told JV#3 that she could not leave the group because she had not paid back her expenses.

o. In or around early April 2013, defendants MARIE ST. VIL and BRIANNE MARCELIN communicated with JV#1 via text messaging, after which defendant BRIANNE MARCELIN picked up JV#1 at a Marta station and brought her to an apartment in Sandy Springs for the purpose of joining the group and engaging in prostitution.

p. On or about April 5, 2013, defendants ISAIAH JERNIGAN and BRIANNE MARCELIN placed their telephone numbers on an internet

adverstisement posted on Backpage.com advertising a young woman named "Spice" for commercial sex acts. "Spice" was JV#1, a fifteen-year old girl.

q. On or about April 5, 2013, defendant BRIANNE MARCELIN drove JV#1 and AC, an adult, to a "date" in a hotel in Atlanta for commercial sex acts.

All in violation of Title 18, United States Code, Section 1594(c).

## Count Two - Sex Trafficking of a Juvenile

7. Paragraphs 1 through 6 of Count One are hereby repeated and realleged as though fully set forth herein.

8. On or about April 1, 2013, and continuing through on or about April 5, 2013, in the Northern District of Georgia, the defendants, ISAIAH JERNIGAN, MARIE ST. VIL, aka Jasmine, and BRIANNE MARCELIN, aka Bri, aided and abetted by one another, did, in and affecting interstate commerce, recruit, entice, harbor, transport, provide and obtain by any means JV#1, and did benefit financially and by receiving a thing of value from participation in a venture engaged in such acts, knowing that JV#1 had not attained the age of 18 years and would be caused to engage in commercial sex acts, all in violation of Title 18, United States Code, Sections 1591 (a) and (b)(2), and Section 2.

## Count Three - Sex Trafficking of a Juvenile

9. Paragraphs 1 through 6 of Count One are hereby repeated and realleged as though fully set forth herein.

10. On or about March 19, 2013, and continuing through on or about April 20, 2013, in the Northern District of Georgia, the defendants, ISAIAH JERNIGAN, DARREN WILLIAMSON, JR., aka Chef Boy RD, MARIE ST. VIL, aka Jasmine, and BRIANNE MARCELIN, aka Bri, aided and abetted by one another, did, in and affecting interstate commerce, recruit, entice, harbor, transport, provide and obtain by any means JV#2, and did benefit financially and by receiving a thing of value from participation in a venture engaged in such acts, knowing that JV#2 had not attained the age of 18 years and would be caused to engage in commercial sex acts, all in violation of Title 18, United States Code, Sections 1591 (a) and (b)(2), and Section 2.

## Count Four - Sex Trafficking of a Juvenile

11. Paragraphs 1 through 6 of Count One are hereby repeated and realleged as though fully set forth herein.

12. On or about March 19, 2013, and continuing through on or about April 7, 2013, in the Northern District of Georgia, the defendants, ISAIAH JERNIGAN, DARREN WILLIAMSON, JR., aka Chef Boy RD, MARIE ST. VIL, aka Jasmine, and BRIANNE MARCELIN, aka Bri, aided and abetted by one another, did, in and affecting interstate commerce, recruit, entice, harbor, transport, provide and

obtain by any means JV#3, and did benefit financially and by receiving a thing of value from participation in a venture engaged in such acts, knowing that JV#3 had not attained the age of 18 years and would be caused to engage in commercial sex acts, all in violation of Title 18, United States Code, Sections 1591 (a) and (b)(2), and Section 2.

### Forfeiture

Upon conviction of one or more of the offenses alleged in Counts One through Four of this Indictment, the defendants, ISAIAH JERNIGAN, DARREN WILLIAMSON, JR., aka Chef Boy RD, MARIE ST. VIL, aka Jasmine, and BRIANNE MARCELIN, aka Bri, shall forfeit to the United States pursuant to Title 18, United States Code, Section 1594(d), any property, real or personal, constituting or derived from any proceeds obtained, directly or indirectly, as a result of such violation and any property, real or personal, used or intended to be used to commit or to facilitate the commission of such violation, including but not limited to the following:

> (a) MONEY JUDGMENT: A sum of money in United States currency representing the amount of proceeds obtained as a result of each offense, or conspiracy to commit such offense, for which the defendant is convicted. If more than one defendant is convicted of an offense, the defendants so convicted are jointly and severally liable.

If, as a result of any act or omission of the defendant(s), any property subject to forfeiture:

(a) cannot be located upon the exercise of due diligence;

(b) has been transferred or sold to, or deposited with, a third person;

(c) has been placed beyond the jurisdiction of the Court;

(d) has been substantially diminished in value; or

(e) has been commingled with other property which cannot be subdivided without difficulty;

the United States intends, pursuant to Title 21, United States Code, Section 853(p), as incorporated by Title 18, United States Code, Section 982(b), and Title 28, United States Code, Section 2461(c) , to seek forfeiture of any other property of the defendant(s) up to the value of the forfeitable property or seek a money judgment against said defendant(s) for any amount that would constitute the proceeds of such violation.

A _____ _True_ _____ BILL

_Odith Bass_
FOREPERSON

SALLY QUILLIAN YATES
 *United States Attorney*

*Susan Coppedge*
SUSAN COPPEDGE
 *Assistant United States Attorney*
Georgia Bar No. 187251   404-581-6000; Fax: 404-581-6181

SUZETTE A. SMIKLE
 *Assistant United States Attorney*
Georgia Bar No. 931142
600 U.S. Courthouse, 75 Spring Street, S.W.
Atlanta, GA 30303

9