IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA, : | |
| Plaintiff, : | |
| : | CRIMINAL ACTION NO. |
| v. : | 1:14-cr-0024-AT-1 |
| ISAIAH JERNIGAN, : | |
| Defendant. : | |

## ORDER

This case is before the Court on Defendant's Motion for De Novo Review of Detention Order and his supplemental affidavit [Docs. 31, 57]. The Magistrate Judge concluded that Defendant had not rebutted the presumption of dangerousness and flight based on his failure to disclose material facts about his employment and health to Pretrial Services in Orlando.

The Court concludes that the evidence indicates that Defendant did not make an intentional misrepresentation regarding his health – i.e., regarding any outstanding concerns regarding the medical status of his hand injury. Defendant may have understandably not thought to mention his hand injury to Pretrial Services as he was no longer suffering significant daily pain from it. On the other hand, his intentional failure to disclose his employment record honestly and

completely gives the Court far greater cause for concern.  Defendant states that he failed to disclose his employment because the owner of the business was his girlfriend and he did not want the probation officer to be the one to tell her of his arrest. What Defendant refers to as his "failure in judgment" in his false reporting to Pretrial Services actually represents a disregard of the requirement for truthful disclosure of the most basic facts regarding his life status to the Pretrial Service authorities.

The Court recognizes the adverse impact of prolonged pretrial detention. It is understandable that Defendant might think that his lack of criminal record should entitle him to pretrial release. However, due to the offenses charged here, Defendant bears the burden of establishing that his pretrial release will not endanger the safety of another person of the community, if appropriate bond conditions are imposed.  18 U.S.C. § 3142(e)(3).  Defendant's non-disclosure of material information regarding his employment undermines the Court's confidence in his credibility and reliability.  Defendant's impaired credibility similarly undermines his ability to carry that burden.  Given the seriousness of the offenses charged, the Court cannot take a risk that Defendant will make another material "error in judgment" in truthfully abiding by the terms of any bond.

For the foregoing reasons, while the Court has reviewed this matter on a de novo basis, it **DENIES** Defendant's request for revocation of the Magistrate

Judge's October 6, 2014, order [Doc.31] and finds that Defendant's continued pretrial detention is warranted, consistent with the provisions of 18 U.S.C. § 3142(e).

It is so **ORDERED** this 26th day of January, 2015.

_____
Amy Totenberg
United States District Judge